```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA

                              CHARLESTON


ANTOINE D. MILLER,

       Movant,

v.                                     Case No. 2:04-cr-00096-2
                                       Case No. 2:08-cv-00813

UNITED STATES OF AMERICA,

       Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 6, 2008 (docket # 161).  Antoine D. Miller (hereinafter "Defendant") is serving a 172 month sentence imposed on February 25, 2005, following his guilty pleas to interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Judgment was entered April 6, 2005 (# 143). Defendant did not take a direct appeal.  Accordingly, Defendant's judgment was final upon the expiration of ten days after the entry of the judgment, or April 19, 2005.

The grounds for relief are stated as follows:

> Ground one: United States Constitution, 6th Amendment, deprivation of effective assistan[ce] of counsel. February 25, 2005, attorney Mark F. Underwood violated my protected United States constitutional rights by instructing me to plead guilty to the criminal charges

> aforestated in foregoing 2255 petition. Attorney Underwood failed to provide the court with true chain of custody on my behalf at sentencing. The original chain of custody show that I was illegally arrested on illegal charges and was not released or compensated for the wrongdoing of the Charleston Police Department.
>
> Ground two: United States Constitution, 5th Amendment, deprivation of protection against self-incrimination. Charleston Police Department violated by protected constitutional right against self incrimination.
>
> Ground three: United States Constitution, 4th Amendment, deprivation of protection against illegal search and seizures. Charleston Police Department violated my protected rights against illegal search and seizure. The illegal charges were dismissed. Yet, I was not released.
>
> Ground four: United States Constitution, 8th Amendment, deprivation of protection against right to bail (C[ruel] & U[nusual] punishment). Attorney Underwood failed to secure me a bail and provide protection against cruel and unusual punishment as my attorney appointed under the Criminal justice Act (presumed innocent).

(Motion, # 161, at 4-8.)

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the

> Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Movant's conviction became final on or about April 19, 2005, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 are applicable in this case. Therefore, Movant's time to file his section 2255 motion expired on or about April 19, 2006, and his petition is untimely, having been filed more than two years late.

The undersigned proposes that the presiding District Judge **FIND** that Movant's § 2255 motion was filed after the expiration of the statute of limitations and is untimely.

It is respectfully **RECOMMENDED** that the § 2255 motion be dismissed with prejudice.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and

then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

    August 18, 2008                                            Mary E. Stanley
           Date                                            Mary E. Stanley
                                                             United States Magistrate Judge